*WALDEN vs. GRANT & AL.*

APPEAL from the court of the first district.

PORTER J. delivered the opinion of the court. The petition states the plaintiff to be assignee of three judgments, against Edward Livingston, on which, notwithstanding a sum of money has been made by the sheriff of the parish of Orleans, on two writs of *fieri facias,* a balance is still due, and unpaid.

It further states, that these judgments were duly received in the office of the recorder of mortgages; by reason whereof, they created a mortgage on all the real estate of the defendant, from the day they were respectively recorded. That at the date of enregistering, Livingston had a right, interest and title, in, and to, three lots of ground on the batture in front of the fauxburgh St. Mary, which lots have come in possession of the defendants, Grant and Alden. That more than ten days previous to the institution of this suit, they had notice in writing, that payment had been in vain demanded of Livingston, for the balance due by him on the judgments, and that the property before mentioned, would be seized and sold, unless paid by them in ten days.

Enregistering an act under private signature in a notary's office, does not give it the force of an authentic act.

Recording a mortgage in the name of an assignee is not proof against 3d persons of the assignment.

An attorney at law cannot alienate a judgment obtained by his client, without special authority.

8NS 565
117 363

It concludes, by an averment of the money yet due by Livingston, not being paid either by him or the defendans, and a prayer, that the lots be seized and sold, to satisfy the claim of the petitioner.

To the petition, an exception was filed, alleging an informality, for which it should be dismsised; the want of a declaration on oath, by the plaintiff, of the existence of the debt, and demand of payment.

The court, of the first instance, overruled the exception, and an answer on the merits was put in. In this answer, all the allegations in the petition, were put at issue, except certain facts, which it is not deemed material to specially notice. There was judgment for the plaintiff, and the defendant appealed, after an unsuccessful attempt to obtain a new trial.

In this court, the appellants have filed several points, on which, they allege, the judgment below should be reversed. In argument, they have principally relied on the two following:

1. The court below erred, in overruling an exception of the defendants, that the affidavit required by the 70th article of the Code

of Practice, was not made by the plaintiff.

2. There is no proof in the record, that the plaintiff was the assignee of the judgments against Livingston.

We deem it unnecessary to state, what conclusion we should come to on the first ground, being of opinion, that the second is decisive of the plaintiff's pretensions in this suit.

The first evidence on which the plaintiff relies, to establish the assignment, is an act passed by a notary public of this city, in which it is stated, that the petitioner personally appeared before him, and presented three certain instruments, in writing, purporting to be three transfers of judgment, in his favor; which the appearer required him (the notary) to transcribe into his current register of notarial acts, there to remain as on record, and serve as occasion may require, whereupon, &c. &c.

After reciting these instruments, which appear to be all *sous seing prire.* The act concludes as follows : "Thus done and recorded, in the city of New-Orleans, in the presence of Felix Brunel, and William Mc-Cauley, witnesses, who hereunto subscribe their names, with me, the said notary."

**By** an agreement on record, this evidence was received, subject to all legal exceptions, and the exception now made to it, is : That this is not an authentic act, which establishes against third persons, the execution of the instruments under private signature, recited in it.

We think the objection well taken. The act proves, that the notary committed the writings *sous seing prive* to record. But his doing so, does not give authenticity to the instruments. Those on which the law invests him with power to confer that privilege, are acts passed before himself, as private instruments legally acknowledged before him, and subscribed by the parties, in presence of two witnesses. Neither of these indispensable requisites is found in the act under consideration. The makers of the private writings, did not appear before the notary. The party in whose favor they were made, alone presented himself, and had them enregistered. Were we to hold, that such recording gave to the instruments received by the notary, the force and effect of a public act, and dispensed with the necessity of proving them, in the ordinary mode, we would be enabling litigants,

Eastern District.
*February*, 1830.

WALDEN
*vs.*
GRANT & AL.

by their own acts, to make proof for themselves. *Lewis* vs. *Casecno* 11 *Martin*, 243, and *Seymour* vs. *Coveley, vol.* 3, 396.

The next proof on which the plaintiff rests, is the certificate of the recorder of mortgages.

By [this certificate, the judgments appear to be enregistered in the name of the plaintiff, and this, it is contended, is *prima facie* evidence, they were assigned to him.

On looking into the certificate, it is seen, that the register admitted the judgments to record, on the act passed before the notary, which we have just examined, and considered not to furnish *per se*, legal proof of the fact for which it was produced. It is therefore necessary to inquire, whether its force and authenticity be increased by the recorder of mortgages having acted on it as evidence, which satisfied him the assignment had been made. The different provisions of our law, in relation to this officer and his duties, have been attentively considered, and nothing has been found in them to justify such a conclusion. Indeed, nothing short of express and positive legislation, would authorise the court so far to depart from general principles, as to consider the act of the recorder, evidence

Eastern District.
*February*, 1830.

WALDEN
*vs.*
GRANT & AL.

against the possessor. So far as the mere fact of enregistering, is in question, it is indeed proof, because it is the highest evidence of that fact. But although it proves a mortgage was recorded, it does not establish the proof of the facts on which that recording was made, for from fraud in the parties or error in the recorder, the one may exist without the other. The act of mortgage, and the assignment, in the instance before us, must have existed prior to their being recorded, and the certificate of the register, therefore, is only secondary evidence of them. To receive it in place of the higher proof, which the law presumes in the possession of the creditor, would be a violation of the rule, that the best evidence of which the case is susceptible, must be produced.

But although the act of the recorder of mortgages, is not evidence against the third possessor, it may, under certain circumstances, be evidence for him. As when the mortgage is enregistered for a less sum than its real amount, or where it is cancelled in part, or for the whole, because it is the enregistering alone which gives it effect against

third persons. It was on this principle, the case of *La Farge* vs. *Morgan & al.* was decided, which was so much pressed on in argument. 11 *Martin*, 526.

It was next contended, that the records of the judgments furnished evidence of an assignment, in a motion made by the plaintiff's counsel, recognizing Walden as assignee. But to make this a legal transfer of the assignee's interest, it should have been shown that the attorney had authority to alienate his client's interest in the debt, and nothing of that kind has been proved.

Lastly, it was urged, that possession of the mortgage was evidence of right to it, and this position we cosider less tenable than any we have been examining. Possession of a written title, is in no ways proof of ownership, unless it be an obligation payable to bearer. Even in the case of a bill of exchange, or promissory note, endorsed in blank, proof of the hand writing of the payee, is indispensable to recovery.

Being thus of opinion, that the plaintiff has not established the assignment, under which he claims title to the judgments set out in his petition, the judgment of the court

WALDEN
*vs.*
GRANT & AL.

below must be reversed, and ours be for the defendants, as in case of nonsuit,

It is therefore ordered, adjudged and decreed, that the judgment of the district court, be annulled, avoided and reversed, and that there be judgment for the defendants as in case of nonsuit, with costs in both courts.

*Hoffman* for plaintiff, *Maybin* for defendants.